**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Armstrong, et al., | No. CV-24-00897-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| David C Armstrong, et al., | |
| Defendants. | |

Before the Court is Defendant Armstrong's motion to transfer venue to the United States District Court of Nevada. (Doc. 13, "Mot."). Plaintiffs did not respond. For the reasons that follow, the Court will grant Defendant's motion and transfer this action to the District of Nevada.

## I.    Legal Standard

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought...." 28 U.S.C. § 1404(a). The transfer statute exists "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citation omitted). The moving party bears the burden of showing that the transferee district is a "more appropriate forum." *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000). And the district court has broad discretion in deciding whether or not to transfer an action. *See Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007) ("[T]he

district court's decision to change venue is reviewed for abuse of discretion. Weighing of the factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge.") (citations and quotations omitted).

Courts consider several factors in ruling on a defendant's motion to transfer venue:

(1) the convenience of the parties and witnesses, (2) the availability of compulsory process to compel unwilling witness attendance, (3) the ease of access to sources of proof, (4) the differences in the costs of litigating in the two forums, (5) contacts with the chosen forum, (6) jurisdiction over the parties, and (7) the relative familiarity of the two courts with the applicable law and the pendency of related actions in other forums.

*Taylor v. Republic Servs., Inc.*, No. CV16-02760-PHX DGC, 2016 WL 6833943, at *1 (D. Ariz. Nov. 21, 2016) (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 2000) and *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000)). "Courts are reluctant to upset a plaintiff's choice of forum, but the choice 'is normally only given substantial deference if the plaintiff is a resident of the district in which the action is brought. Otherwise, this bears little significance on determining whether to grant a discretionary transfer.'" *Taylor*, 2016 WL 6833943, at *1 (quoting *Miracle Blade, LLC. v. Ebrands Commerce Grp., LLC.*, 207 F. Supp. 2d 1136, 1155 (D. Nev. 2002)).

## II.    Discussion

Defendant argues the above factors weigh in favor of transfer. The Court agrees. First, Defendant Armstrong, and all witnesses to this case but one, reside in Reno, Nevada. None of the Plaintiffs reside in Arizona; thus, their choice of forum is not entitled to substantial deference. Second, the District of Nevada has the same power as this Court to compel unwilling witnesses to testify. Third, the primary pieces of evidence, including the decedent-at-issue's financial accounts and his end-of-life caregivers, are located in Reno, Nevada. Fourth, the travel costs of all the parties—none of whom reside in Arizona— would render the matter more expensive to litigate in this Court as opposed to the District of Nevada. Fifth, all of the parties have minimal contacts with Arizona, while having significant contacts with Nevada. Sixth, similar to the preceding factor, Defendant claims he has no contacts with Arizona and will likely contest personal jurisdiction in Arizona if

the case is not transferred.  Seventh, the District of Nevada is already familiar with the facts of this case because it has been handling a related lawsuit among the parties with common claims as in the instant suit for over two years in *David C. Armstrong as Trustee of the R.J. Armstrong Living Trust v. Susan Helen Armstrong Holmes*, No. 3:22-cv-00375-ART-CSD. Therefore, all factors, including the interests of justice, weigh in favor of transferring venue to the District of Nevada.

Accordingly,

**IT IS ORDERED** Defendant's motion to transfer venue (Doc. 13) is **GRANTED**. The Clerk shall **TRANSFER** this case to the United States District Court for the District of Nevada, and shall close the file.

Dated this 9th day of October, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge

- 3 -